James **GRAY**, Plaintiff,

v.

**CLEANING SYSTEMS AND SUPPLIERS, INC.,**
Defendant,

**Trans–Carrier Truck Lines and Georgia–Pacific Corporation, Third–Party Defendants.**

**No. 90 Civ. 0857 (VLB).**

United States District Court,
S.D. New York.

Aug. 31, 1992.

Gregg J. Borri, Boulanger, Hicks, Stein & Churchill, New York City, for third-party defendant Georgia–Pacific.

Kevin O'Dell, Wilson Bave Conboy & Bave, White Plains, N.Y., for defendant Cleaning Systems.

John FitzMaurice, FitzMaurice & Timone, Tuckahoe, N.Y., for plaintiff.

Jeffrey Richman, Semel, Schepp, Yuhas & Adams, New York City, for third-party defendant Trans–Carrier.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This is an appeal from a decision by United States Magistrate Judge Mark D. Fox permitting questioning of a Georgia Pacific nonlawyer who at the request of counsel conducted an internal investigation after the accident which is the subject of this litigation. The deponent was produced by Georgia Pacific as a person knowledgeable as to facts relevant to the case.

In such situations competing interests must be recognized. The thrust of these is not disputed. Underlying information about disputed events is not privileged and cannot be shielded by being made the subject of investigations by or at the request of counsel. However, excessively narrow discovery rulings with respect to the attorney-client and work product privileges may discourage internal investigations at the request of counsel, turning such inquiries into inquiries for the benefit of both parties and chilling development of valid claims or defenses.

The situation here is akin to that where material was submitted to a Grand Jury: such material may be secured by asking for it generically based on its own relevancy but not, ordinarily, by tracing it through acquiring knowledge of the Grand Jury proceedings; asking for whatever has been submitted to the Grand Jury is impermissible absent specific judicial approval based on a proper showing. See *DiLeo v. Commissioner*, 959 F.2d 16 (2d Cir.1992).

While the decision of the Magistrate Judge in disallowing the privilege may turn out not to have been clearly erroneous on an all-facts-known basis after further inquiry, I find it was clearly erroneous to disallow the privileges claimed without further inquiry once a prima facie showing of privilege was made. I further find that it would be appropriate, given the difficulty of determining the boundaries of privilege in hybrid corporate internal investigations of this type, to ask the parties to pursue other means of obtaining the underlying information before confronting the need to adjudicate the privilege question, especially since a Fed.R.Civ.P. 26(c) protective order might be appropriate even absent the privileges literally asserted.

In the present instance, at least some of the interests sought to be protected by the attorney-client and work product privileges appear to be implicated, making initial resort to other ways of achieving the truth-finding goals of discovery appropriate before disclosure of the assertedly protected information should be mandated. If that is unsuccessful, further inquiry beyond that initially made may be necessary to ascertain whether the conversations, discovery of which are in dispute, were actually covered by the attorney-client or work product privileges.

The proper resolution of the present controversy is thus for Georgia Pacific to produce persons who have direct personal knowledge of the circumstances or events in dispute and sought by other parties to the litigation, to the extent that those already deposed have only second-hand information and that those seeking discovery wish to probe further. The identity of those knowledgeable may be ascertained by an independent inquiry for that purpose, without requiring disclosure of, and without automatically assuming the pertinence of, the identities of those questioned during the earlier internal investigation conducted at the request of Georgia Pacific counsel.

If this avenue fails to provide the information necessary for discovery to be completed, the United States Magistrate Judge may be asked to make more precise findings as to whether the criteria for attorney-client or work product privileges have been met.

SO ORDERED.